IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANTONIO FLORES VERA          §
                             §
v.                           §          C.A. NO. C-09-287
                             §
RICK THALER                  §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the Connally Unit in

Kenedy, Texas.  (D.E. 1).  On October 23, 2009, Petitioner filed this pro se habeas

corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction after a

jury trial.[1]  Id. at 7-8.  Pending is Respondent's motion for summary judgment

alleging that Petitioner's claims are unexhausted.  (D.E. 16).  Petitioner filed a

response on February 24, 2010.  (D.E. 19).  For the reasons stated herein, it is

respectfully recommended that Respondent's motion be granted, and this habeas

action be dismissed without prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

---

[1] Petitioner filed a memorandum of law, (D.E. 6), in support of his petition, but it was struck pursuant to Local Rule 11.3 for lack of a signature.  (D.E. 7).  Petitioner never refiled.

235 F.3d 959, 961-62 (5th Cir. 2002).  Because Petitioner was convicted in Nueces

County, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner was convicted in the 117th Judicial District Court of Nueces

County, Texas on September 13, 2007 of three counts of sexual assault of a child

and sentenced to twenty-five years of imprisonment.  WR-02,228-07 at 37.  He

appealed his conviction to the Thirteenth District Court of Appeals.  Appellant's

Brief, at 3, 6-7.  On May 21, 2009, the Thirteenth Court of Appeals issued an

opinion affirming Petitioner's conviction and sentence.  Vera v. State of Texas, 13-

07-00701-CR.  Petitioner filed his state habeas application with the Texas Court of

Criminal Appeals on June 24, 2009.  WR-02,228-07 at 1.  As of June 30, 2009,

however, it had not issued a final mandate in the appeal.  WR-02,228-07 at 19.

Subsequently, on September 30, 2009, the Court of Criminal Appeals dismissed his

habeas application because of a "direct appeal pending."  WR-02,228-07 at 1.

## III.  DISCUSSION

Respondent asserts that the petition should be dismissed because Petitioner's

claims are unexhausted.  (D.E. 16, at 1).  In reply, Petitioner argues that the "trial

judge and appointed attorney associate themselves with the criminal venture," and

seemingly that someone, somehow, tampered with the grand jury.  (D.E. 19, at 1-

2

2).  He also alludes to a conspiracy, but provides no additional details.  Id. at 2.

## A.      The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

3

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner Failed to Exhaust His Legal Remedies In State Court.**

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: 1) the inmate has exhausted his legal remedies in the state courts; 2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state. See O'Sullivan v. Boerckel, 526

4

U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)). The petitioner must also present his claim in accordance with the state court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim. Fisher, 169 F.3d at 300 (citing Coleman v. Thomas, 501 U.S. 722, 729 (1991)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted).

In Texas, when a state defendant appeals a felony conviction, the Court of Criminal Appeals lacks jurisdiction to review a state habeas petition pursuant to Texas Code of Criminal Procedure article 11.07 from that defendant until the

appellate court issues a final mandate regarding the appeal.  Ex Parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (citations omitted). Furthermore, dismissal without prejudice of a state writ by the Court of Criminal Appeals is appropriate if a final mandate was not issued by the court of appeals before the filing of the writ application.  See id.

Here, Petitioner filed his state habeas petition before a mandate was issued by the Thirteenth Court of Appeals denying his appeal.  It was, therefore, appropriate for the Court of Criminal Appeals to dismiss his state habeas petition because there was a "direct appeal pending."  See Ex Parte Johnson, 12 S.W.3d at 473.  Likewise, because the Court of Criminal Appeals based its dismissal on procedural grounds, this petition must be dismissed as well.  See Fisher, 169 F.3d at 300-01.

Accordingly, it is respectfully recommended that the Court cannot entertain Petitioner's habeas claims because he failed to exhaust his state remedies.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address

6

whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 16), be granted, and the petition, (D.E. 1), be dismissed without prejudice.  Furthermore, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 12th day of April 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

8

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).